MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Richard Butts, | No. CV 21-00756-PHX-DGC (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Respondents. | |

Petitioner Paul Richard Butts is currently on supervised release in Payson, Arizona.

**I.      Petitioner's Criminal Case, Appeal, and Motions Pursuant to 28 U.S.C. § 2255**

After a jury trial, Petitioner was convicted of one count of Distribution of Child Pornography and fifteen counts of Possession of Child Pornography and was sentenced to a 220-month term of imprisonment, followed by supervised release for life. *See* CR 05-01127-PHX-DGC (D. Ariz. Dec. 15, 2018). The Ninth Circuit Court of Appeals affirmed the Judgment on appeal. *See* 08-10565 (9th Cir. Dec. 9, 2009).

The Court denied Petitioner's first § 2255 motion. *See* CV 10-02104-PHX-MHM (DKD) (D. Ariz. Apr. 29, 2011). The Court denied Petitioner's second § 2255 motion because he had not obtained authorization from the Ninth Circuit to file it, and the Ninth Circuit subsequently denied Petitioner's application for authorization to file a second or successive § 2255 motion and his request for a certificate of appealability. *See* CV 15-02585-PHX-DGC (DKD) (D. Ariz. Dec. 21, 2015); 15-73846 (9th Cir. Apr. 14, 2016); 16-16558 (9th Cir. Feb. 13, 2017).

The Court referred Petitioner's third § 2255 motion to the Ninth Circuit Court of Appeals, and the Ninth Circuit denied Petitioner's application for authorization to file a second or successive § 2255 motion. *See* CV 17-01624-PHX-DGC (DKD) (D. Ariz. June 1, 2017); 17-71604 (9th Cir. Nov. 17, 2017). The Court also denied Petitioner's Motion for Immediate Release, noting that the Court could not construe it as a motion pursuant to 18 U.S.C. § 3582(c) and would not construe it as a § 2255 motion because it would have been Petitioner's fourth § 2255 motion and he had not obtained a certification from the Ninth Circuit authorizing the Court to consider it. *See* CV 17-01779-PHX-DGC (DKD) (D. Ariz. June 13, 2017).

**II.     Petitioner's Pending Action**

On April 27, 2021, Petitioner filed a pro se "Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 or in the Alternative Under the Federal Rule of Civil Procedure 60(b)(6)" ("Petition") and an "Emergenc[y] Motion to Stay All Post Conviction Terms, Conditions, Orders and Restrictions." In a May 11, 2021 Order, the Court dismissed the Petition because Petitioner had failed to comply with Rule 3.5(a) of the Local Rules of Civil Procedure, denied without prejudice the Emergency Motion, and gave Petitioner thirty days to file an amended petition on a court-approved form and either pay the filing fee or file an Application to Proceed In Forma Pauperis.

On June 7, 2021, Petitioner paid the filing fee and filed a second "Emergenc[y] Motion to Stay All Post Conviction Terms, Conditions, Orders and Restrictions" (Doc. 6) and an Amended § 2241 Petition (Doc. 7). Petitioner raises four grounds for relief in his Amended § 2241 Petition:

> (1)     Petitioner claims he is actually innocent "under Vosgien v. Persson, 742 [F].3d 1131, 1134 (9th Cir[.] 2014), pursuant to United States v. Wright, 625 F.3d 583, 594 (9th Cir. 2010)." He asserts that "[t]he Ninth Circuit clearly held in Wright[] that the government was '*required*' to '*prove*' the *files themselves* actually crossed state lines," but the government had failed to do so. (Emphasis in original.)

. . . .

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
|   | (2) | Petitioner contends that "*all* of his post[-]conviction orders, terms and restrictions," including his term of supervised release, violate the Eighth Amendment prohibition against cruel and unusual punishment. (Emphasis in original.) |
|   | (3) | Petitioner alleges the prosecutor engaged in misconduct because she "*factually had knowledge*" of *United States v. Wright*, 625 F.3d 583 (9th Cir. 2010), and "should have disclosed" it to Petitioner while his first § 2255 motion was pending. (Emphasis in original.) |
|   | (4) | Petitioner asserts an FBI Special Agent "lied on her sworn affidavit for the search warrant" because she stated "that the files had traveled 'in interstate o[r] foreign commerce.'" Petitioner claims there was no evidence at trial that the files themselves had crossed state lines. |

### III.  Discussion

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy is not inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive

petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy is inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had such an opportunity, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The only claim arguably relating to the inadequacy or ineffectiveness of the § 2255 remedy is Petitioner's actual innocence claim in Ground One. But Petitioner previously raised this issue in a § 2241 petition in the Northern District of Texas,[1] and the court rejected it, concluding that "Petitioner has not met the criteria required to invoke the savings clause of § 2255, or demonstrated that the remedy under § 2255 is inadequate." *Butts v. Chandler*, 2018 WL 9811056, *2 (N.D. Tex. Sept. 19, 2018). On appeal, the Fifth Circuit Court of Appeals affirmed. *Butts v. Wilson*, 772 F. App'x 56 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 422 (2019).

The Court will not relitigate this issue. *See Fairly v. United States*, 373 F. App'x 700, 701 (9th Cir. 2010) ("[c]ollateral estoppel prevents [petitioner] from relitigating the issue of whether he may file a . . . § 2241 petition under the 'escape hatch' of . . . § 2255" when petitioner had previously litigated that issue and the district court had previously concluded he did not qualify under the escape hatch); *Alsop v. Warden*, 2019 WL 3975655 (N.D.N.Y. Aug. 22, 2019) (petitioner's argument that he can proceed under the "savings clause" in § 2241 was an "abuse of the writ" where his argument had been rejected by

---

[1] Petitioner, relying on *Wright*, alleged that he was "actually innocent" because "none of the alleged files had crossed state lines" and asserted that "the government did not claim[,] state, prove or even suggest that any files themselves had crossed state lines." *See* Doc. 1 in *Butts v. Chandler*, 4:17-CV-01033-Y (N.D. Tex. 2017).

- 4 -

another district court, petitioner had "recycle[d] the same arguments, based on the same cases, as those which were previously decided in [the other district]," and petitioner did not "argue any change of facts or circumstances, or identify any new or relevant intervening changes in the law which would warrant this Court considering his claims anew."). The Court accordingly will dismiss the Amended § 2241 Petition.

**IT IS ORDERED:**

(1) Petitioner's Amended § 2241 Petition (Doc. 7) and this case are **dismissed**.

(2) Petitioner's Emergency Motion to Stay (Doc. 6) is **denied as moot**.

(3) The Clerk of Court must **enter judgment accordingly and close this case**.

(4) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of June, 2021.

David G. Campbell
Senior United States District Judge